# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53973-0-II |
| Respondent, | |
| v. | |
| DEAN STANLEY EWING, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Dean Ewing appeals his conviction for felony violation of a domestic violence protection order. Ewing asserts that he was denied effective assistance of counsel because his attorney proposed a misleading jury instruction. We conclude that Ewing did not receive ineffective assistance because the instruction was not misleading and he fails to show that counsel's performance prejudiced him. Accordingly, we affirm.

## FACTS

On February 7, 2019, Chantelle Taylor was babysitting Leslie Spires's daughter at Spires's apartment. When Spires returned and as Taylor was preparing to leave, they saw Ewing approaching the apartment. Spires and Taylor went outside and told Ewing to leave. Taylor told Ewing that if he didn't leave, she would call the police. Spires then took out her cell phone and told Ewing that she was going to call the police if he didn't leave. Ewing took the phone from Spires, ran back to his truck, and left. Taylor and Spires went back inside the apartment, and Taylor called 911.

Deputy Eric Morris responded to the 911 call and spoke with Spires and Taylor. Dispatch informed Morris that a current protection order restrained Ewing from contacting or being within 1,000 feet of Spires.

After interviewing Spires and Taylor, Morris called Spires's cell phone. A male answered the phone and identified himself as "Dean." Report of Proceedings (RP) at 98. Morris was familiar with Ewing and recognized Ewing's voice on the phone. Ewing hung up when Morris identified himself as law enforcement. Ewing was later arrested.

The State charged Ewing with felony violation of a domestic violence protection order based on Ewing's two prior convictions for violating a protection order. The two prior convictions were included in the charging language. The State also charged Ewing with theft in the third degree and interference with the reporting of domestic violence.

At trial, Spires testified that earlier that day, Ewing had called and asked if he could come over, but she told him "it wasn't a good time." RP at 121. She also testified that Ewing came over anyway and when Spires told him she was going to call the police, he took her phone.

Ewing presented an alibi defense. The trial court took judicial notice of the occurrence of a large snowstorm on February 8, the day after the charged offense took place and admitted an exhibit to that effect. Ewing's friend, Justin Bryles, and Bryles's girlfriend, Jessica O'Hara, testified that Ewing was at Bryles's home all afternoon, evening, and night the day before the snowstorm. O'Hara and Bryles both testified that given the open layout of the house and the sleeping arrangements, they would have known if Ewing left that evening and came back.

Defense proposed, and the court accepted, a limiting instruction that read:

> The evidence of the defendant violating a Domestic Violence Protection Order can only be considered to prove an essential element of the crime of Violation of a Protection Order charged in this case. It may not be used for any other purpose

2

or to infer the defendant's guilt in this case or his propensity to commit the crime of Violation of a Protection Order.

Clerk's Papers (CP) at 80 (Instr. 9).

During closing arguments, the State identified two judgment and sentences, admitted as exhibits 2 and 3, which showed convictions for violation of a protection order. The State argued that those exhibits constituted proof of the element of two prior convictions necessary for the charged crime. Later, the defense drew attention to the limiting instruction, explaining its purpose:

> what that [instruction] means is this is a separate case from the two other violations and needs to be decided independently from those other two and that the jury is not supposed to use the evidence or past convictions to convict him here. It is only used to prove an essential element of the crime charged which is a Felony Violation of a Protection Order.

RP at 211.

The jury found Ewing guilty of felony violation of a domestic violence protection order but was unable to come to a unanimous verdict on the charges for theft in the third degree and interference with reporting domestic violence. The trial court granted the State's motion to dismiss the theft and interference charges. Ewing appeals his conviction.

## ANALYSIS

Ewing argues that he was denied the right to effective assistance of counsel because his attorney proposed an unclear and misleading jury instruction. He asserts that the limiting instruction, number 9, failed to specify that the evidence that may not be used to show propensity is the evidence of his *prior convictions* for violation of a protective order. He contends that there was no tactical reason for the omission of language that would limit the consideration to evidence

of prior convictions and that he was prejudiced because his defense rested on the credibility of his alibi witnesses, and the instruction allowed the jury to improperly consider propensity evidence.[1]

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantees criminal defendants the right to effective assistance of counsel. *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). We review ineffective assistance of counsel claims de novo. *Id.*

To prevail on a claim of ineffective assistance of counsel, the defendant must show both (1) that defense counsel's representation was deficient and (2) that the deficient representation prejudiced the defendant. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). If either element of the test is not satisfied, the inquiry ends. *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996).

Representation is deficient if, after considering all the circumstances, it falls "'below an objective standard of reasonableness.'" *Estes*, 188 Wn.2d at 458 (quoting *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995)). Washington courts indulge a strong presumption that counsel's representation was reasonable. *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009).

Prejudice exists if there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Estes*, 188 Wn.2d at 458. It is not enough that ineffective assistance conceivably impacted the case's outcome; the defendant must affirmatively show prejudice. *Id.*

---

[1] The State argues that the invited error doctrine precludes review of instructional error. The invited error doctrine, as applied to jury instructions, precludes a defendant from arguing that an instruction he proposed was erroneous. *State v. Schaler*, 169 Wn.2d 274, 292, 236 P.3d 858 (2010). However, if an instructional error is the result of ineffective assistance of counsel, the invited error doctrine does not preclude review. *State v. Kyllo*, 166 Wn.2d 856, 861, 215 P.3d 177 (2009). Such is the case here.

Jury instructions are not erroneous if, taken as a whole, they properly inform the jury of the applicable law, are not misleading, and permit the defendant to argue his or her theory of the case. *State v. Tili*, 139 Wn.2d 107, 126, 985 P.2d 365 (1999).

With regard to whether the jury instruction was misleading, although the instruction could have been more clearly worded, it was not misleading. It alerted the jury that there was evidence of Ewing violating a protection order that was not the same violation charged in the instant case. The instruction read that "*[t]he evidence* of the defendant violating a Domestic Violence Protection Order can only be considered to prove an essential element of the crime of Violation of a Protection Order *charged in this case*." CP at 80 (Instr. 9) (emphasis added). The only evidence provided to the jury of a violation that is not the one charged in this case is the two judgement and sentences that show prior violations of protective orders. The jury was instructed that it could not use this evidence for any other purpose than to prove the corresponding element of the crime charged. The to-convict instruction, number 6, lists as the fourth element that must be proved: "That the defendant has twice been previously convicted for violating the provisions of a court order." CP at 77 (Instr. 6). The challenged jury instruction, when read in the context of the instructions as a whole, informed the jury of the applicable law, allowed Ewing to argue his theory of the case to the jury, and was not misleading. Considering all of the circumstances, defense counsel's performance did not fall below an objective standard of reasonableness and, therefore, was not deficient. *Estes*, 188 Wn.2d at 458.

Additionally, Ewing fails to meet his burden to prove prejudice. *Grier*, 171 Wn.2d at 32-33. During closing argument, defense counsel explained the purpose of the limiting instruction, stating: "this is a separate case from the two other violations and needs to be decided independently

from those other two and . . . the jury is not supposed to use the evidence or past convictions to convict him here. It is only used to prove an essential element of the crime charged." RP at 211.

The to-convict instruction, along with the limiting instruction and defense counsel's explanation of the purpose of the limiting instruction, effectively informed the jury of the limited purpose for which it could consider Ewing's prior convictions. Juries are presumed to follow the court's instructions. *State v. Dye*, 178 Wn.2d 541, 556, 309 P.3d 1192 (2013). Ewing has failed to prove there is a reasonable probability that, but for the proposal of the challenged instruction, the result of the proceeding would have been different. *Estes*, 188 Wn.2d at 458. The jury received adequate instructions, and Ewing was not prejudiced. Therefore, we conclude that Ewing did not receive ineffective assistance of counsel and affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Worswick, J.

Lee, C.J.